# CONTINUATION OF CRIMINAL COMPLAINT

1. I am a Special Agent with the Federal Bureau of Investigation, Detroit Division, Grand Rapids Field Office with 19 years as a Federal agent. I am currently assigned to the Detroit Division, Grand Rapids Resident Agency. My current duties involve white collar matters to include health care fraud, wire fraud, identity theft, money laundering and bankruptcy fraud. I have received specialized training in the FBI relevant to fraud investigations.

2. This affidavit is made in support of a criminal complaint and arrest warrant for LETICIA GALLARZO, also known as "Leticia Perri," date of birth 9/20/XXXX (hereinafter "LETICIA GALLARZO"). As set forth herein, I assert that there is probable cause to believe that LETICIA GALLARZO knowingly transferred and used, without lawful authority, the means of identification of another person in connection with an unlawful activity that constitutes a felony under State law, in violation of Title 18, United States Code, Section 1028(a)(7).

3. The factual information included in this continuation is based on information I obtained in my investigation, my training and experience with identity theft investigations, or information conveyed to me by other law enforcement officials. Because I am submitting this continuation for the limited purpose of securing a criminal complaint and an arrest warrant for a violation of Title 18, United States Code, Section 1028(a)(7), I have not set forth all the facts of this investigation that are actually known to me.

## Relevant Criminal Statutes

## Identity Theft – Title 18, United States Code, Section 1028(a)(7)

4. Title 18, United States Code, Section 1028(a)(7), provides that "[W]hoever, in a circumstance described in subsection (c) of this section – knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person with the intent to commit, or to aid or abet, or in connection with, any unlawful activity that constitutes a violation of Federal law, *or that constitutes a felony under any applicable State or local law* shall be punished as provided in subsection (b) of this section." (emphasis added).

5. The circumstances described in subsection (c) include where "the production, transfer, possession, or use prohibited by this section is in or affects interstate or foreign commerce, including the transfer of a document by electronic means."

6. The statute further defines a "means of identification" as "any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual, including any – name, social security number, date of birth, official State or government issued driver's license or identification number . . ."

7. A defendant violates this statute when sufficient evidence exists as to the following elements: (1) the defendant knowingly transferred, possessed, or used, without lawful authority, a means of identification of another person;

2

(2) the defendant knew the means of identification belonged to another actual person; (3) the defendant did so with the intent to commit unlawful activity that constitutes a violation of Federal law, or that constitutes a felony under any applicable State or local law; and (4) the transfer possession or use of the means of identification was in or affected interstate or foreign commerce. *Flores-Figueroa v. United States*, 556 U.S. 646 (2009); *United States v. Gandy*, 926 F.3d 248, 258 (6th Cir. 2019); *United States v. Berry*, 369 Fed. App'x. 500, 502 (4th Cir. 2010).

## Unauthorized Practice of Health Profession

8. The practice of a health profession in Michigan, including the profession of nursing, is governed by certain licensing requirements set forth by the Public Health Code. MCL 333.16111, *et seq*.

9. An individual shall not engage in the practice of nursing or the practice of nursing as a licensed practical nurse unless he or she is licensed or is otherwise authorized by the Public Health Code. MCL 333.17211(1).

10. Additionally, use of the designation "registered nurse," or "registered professional nurse," is restricted to only those persons authorized under the Public Health Code. MCL 333.17211(2)(a).

11. The practice of nursing without a license is a felony. Specifically, Michigan law provides that "[E]xcept as provided in section 1625, an individual who practices or holds himself or herself out as practicing a health profession regulated by this article without a license or registration or under a

suspended, revoked, lapsed, void, or fraudulently obtained license or registration, or outside the provisions of a limited license or registration, *or who uses as his or her own the license or registration of another person*, is guilty of a felony." MCL 333.16294.[1] (emphasis added).

### Facts Supporting Probable Cause to Believe LETICIA GALLARZO Committed Identity Theft in violation of Title 18, United States Code, Section 1028(a)(7)

12. In or about August 2022, I was contacted by the Chief Administrative and Compliance Officer for a local health care network. That individual informed me that LETICIA GALLARZO applied for a clinical registered nurse position in response to a job posting with Indeed.com. LETICIA GALLARZO used the name of "Leticia Perri G" to complete the application and represented that she had a Bachelor of Science degree in nursing from Davenport University. Instead of providing a copy of her Michigan nursing license, LETICIA GALLARZO provided only a license number, XXXXXX9666. The Chief Administrative and Compliance Officer informed me that a search of Michigan's Department of Licensing and Regulatory Affairs (LARA) website

---

[1] The referenced exception, MCL 333.16215, allows a licensed health professional to delegate, under his or her supervision, certain tasks within the scope of his or her license to a licensed or unlicensed individual "who is otherwise qualified by education, training, or experience the performance of selected acts, tasks, or functions." This delegation exception does not apply here for several reasons. First, regardless of the delegation exception, it is still a crime to use the license or registration of another individual as your own. Second, as explained below, LETICIA GALLARZO was not carrying out tasks delegated to her under the supervision of other qualified health professionals. Third, LETICIA GALLARZO was not qualified by education, training or experience to perform any delegated tasks.

indicated that the licensing number provided did not belong to LETICIA GALLARZO but instead belonged to an individual with the first name "Leticia," but the last name with initials T.C.P. Additionally, once the Chief Administrative and Compliance Officer discovered this discrepancy, she searched the United States Department of Health & Human Services, Office of Inspector General (HHS-OIG) website for excluded health care providers. This search revealed that HHS-OIG excluded LETICIA GALLARZO from participating as a provider in February 2020 due to a felony health care fraud conviction. The Chief Administrative and Compliance Officer told me that she questioned LETICIA GALLARZO about her search of the LARA website and the fact that the licensing number appeared to belong to an individual with a different name and LETICIA GALLARZO claimed that the licensing number was hers and that her name changed due to a recent marriage. The healthcare network did not hire LETICIA GALLARZO.

13. On or about May 31, 2023, I was contacted by the Michigan State Police (MSP) regarding a report of possible identity theft by LETICIA GALLARZO while employed as a nurse at a health care network with initials C.H.G. I am informed that C.H.G. is an entity that hires and places health care professionals at various health care facilities.

14. MSP reported that it received a call from C.H.G. in Jackson, Michigan, indicating that on April 28, 2023, LETICIA GALLARZO submitted an

5

employment application through Indeed.com for a registered nurse position at a Grand Rapids' hospice care facility staffed by C.H.G.

15. The application submitted by LETICIA GALLARZO used the name of "Leticia Perri" and LETICIA GALLARZO submitted a Michigan Driver's License number P XXX XXX XXX 0006 in the name "Leticia Perri". MSP informed me that it believed the driver's license was counterfeit because authentic Michigan driver's licenses are comprised of 3-digit sequences and LETICIA GALLARZO's driver's license contained 4-digits in the last sequence. I requested a search of the Michigan Driver's License in the name of Leticia Perri with the license number XXX XXX XXX 0006 and LEIN returned a rejected message, confirming the license was not authentic.

16. MSP also informed me that LETICIA GALLARZO submitted a document purporting to be a diploma for a "Master of Science in Nursing" degree from The George Washington University. That diploma used the name "Leticia T.C.P. Leticia Perri".

17. C.H.G. indicated that in conjunction with her online application through Indeed.com, LETICIA GALLARZO provided a photograph of a Michigan nursing license through Indeed's email platform.

18. The Michigan nursing license submitted by LETICIA GALLARZO used the first name of "Leticia" and the last name of "T.C.P." and included Michigan nursing license number XXXXXX9666.

19. I am informed that because the initial documentation, including the nursing license, appeared to be in order, C.H.G. hired LETICIA GALLARZO as an employee.

20. MSP further informed me that on May 15, 2023, LETICIA GALLARZO appeared for her in-person orientation at C.H.G.'s facility in Grand Rapids, Michigan.

21. I am informed by C.H.G. that during her orientation LETICIA GALLARZO engaged in the practice of nursing because she assisted others with the care and treatment of patients at a facility staffed by C.H.G.

22. At her orientation in Grand Rapids, LETICIA GALLARZO presented a Michigan driver's license containing the name "Leticia Gallarzo," a name different than the name provided on the driver's license with her online application and different than the name on the Michigan nursing license that she submitted.

23. On May 23, 2023, LETICIA GALLARZO was fingerprinted as part of her Michigan Workforce Background Check, a requirement for individuals working in nursing home settings.

24. I was informed by MSP that C.H.G. learned that LETICIA GALLARZO's fingerprints revealed that she was permanently excluded from working in a setting that provided direct services to a patient or resident of a nursing home, hospice facility or other similar facilities.  Additional investigation by C.H.G. revealed that this exclusion was the result of a federal criminal

conviction for impersonating a nurse in Texas. C.H.G. immediately terminated LETICIA GALLARZO's employment.

25. I am informed that while C.H.G. employed LETICIA GALLARZO as a nurse, it paid her more than $1,000.00.

26. I am further informed that on June 1, 2023, MSP located an individual by the name of Leticia T.C.P working at an outpatient health care facility in the Western District of Michigan. That individual produced a Michigan driver's license to verify her identity to the officers. She confirmed that she was a Michigan licensed registered nurse who was issued nursing license number XXXXXX9666. She further confirmed that she had not granted permission to anyone to utilize her name or nursing license, nor was she aware that anyone had utilized such information without her permission.

27. That same day, MSP learned that LETICIA GALLARZO was working as a registered nurse at a skilled nursing home facility located within the Western District of Michigan. The officers traveled to the nursing home facility where they were informed LETICIA GALLARZO was currently working as a registered nurse. The officers read LETICIA GALLARZO her *Miranda* warnings and she agreed to be interviewed. LETICIA GALLARZO told officers that she worked at the facility as a "Unit Manager." She reported that her job responsibilities included making sure that the certified nurse assistants completed all of their nursing tasks appropriately. At that point,

LETICIA GALLARZO terminated the interview, indicating that she wanted a lawyer before answering any additional questions.

28. I am informed by MSP that checks of LARA's health professional look-up system under the name LETICIA GALLARZO, or her alleged married name "Leticia Perri," have not identified any nursing license issued to LETICIA GALLARZO.

29. I am aware that MSP sought and obtained from the 57th District Court, Allegan, Michigan, a search warrant for the residence of LETICIA GALLARZO in Michigan. During a search of that premises, officers located a copy of a second individual's Michigan nursing license (an individual with initials S.L.B. with whom LETICIA GALLARZO worked at the nursing home) inside a dresser drawer in the main bedroom of the residence, as well as a forged Michigan driver's license.

30. In June 2023, I issued a subpoena to Davenport University in Grand Rapids, Michigan. I learned that LETICIA GALLARZO briefly attended that institution. However, LETICIA GALLARZO did not obtain a Bachelor of Science in Nursing, or any degree, from Davenport University.

31. Similarly, I issued a subpoena to The George Washington University in Washington D.C. That institution indicated that it does not have any records indicating that LETICIA GALLARZO ever attended the university or obtained a degree of any kind.

32. I also contacted the Human Resources Manager for C.H.G.  She informed me that LETICIA GALLARZO applied for the registered nurse position through Indeed.com and communicated with a recruiter for C.H.G. in Grand Rapids, Michigan, via electronic mail.

33. Importantly, the Human Resources Manager forwarded to me an email dated May 8, 2023 at 7:34 p.m. from ltcperrivvch99_dwc@indeed.com to the recruiter at C.H.G. that included, as an attachment, what purported to be a Michigan nursing license.  That license contains the name "Leticia T.C.P." and the number XXXXXX9666.  I believe that license to be forged as the name, licensing number, and the year of the expiration date of the license are in a different font than the remainder of the text on the license.

34. I have conducted my own research on Indeed.com.  That research revealed that Indeed.com does not appear to have any physical presence in Michigan.

35. I also know from my investigation that LETICIA GALLARZO engaged in the practice of nursing during her orientation with C.H.G. in Grand Rapids, Michigan, because she provided care and treatment for hospice residents in conjunction with and under the supervision of other nurses.

36. I also researched LETICIA GALLARZO's criminal history.  I learned that Goliad County in Texas convicted LETICIA GALLARZO of practicing registered nursing without a license in October 2015 based on events occurring on March 20, 2015, when she was working in a nursing home.  The United States Attorney's Office for the Southern District of Texas convicted

LETICIA GALLARZO of five counts of false medical records in relation to health care benefits, items or services, in violation of Title 18 United States Code, Section 1035, when she pretended to be a registered nurse in Texas nursing homes and other health care facilities from March 2015 to September 2015. *United States v. Leticia Gallarzo, a/k/a Leticia Garza*, 6:17-CR-29, Southern District of Texas, Victoria Division. Finally, I learned that LETICIA GALLARZO was convicted in the 17th Circuit Court, Kent County, Michigan on January 12, 2016, for using the identity and education of another individual to obtain employment as a registered nurse from November 2014 to February 2015.

## Probable Cause

37. Based on the foregoing, I submit that there is probable cause to believe that LETICIA GALLARZO committed the offense of identity theft in violation of Title 18, United States Code, Section 1028(a)(7) when she sought and obtained employment with C.H.G. in April and May, 2023. LETICIA GALLARZO transferred and used without lawful authority the means of identification of victim Leticia T.C.P. Specifically, LETICIA GALLARZO transferred and used the name and unique Michigan nursing license number (XXXXXX9666) of the victim when applying for and obtaining the position of registered nurse in a hospice facility staffed by C.H.G. in Grand Rapids, Michigan. That transfer affected interstate commerce because she included

the victim's means of identification when transmitting her application and a forged nursing license through the internet via the website of Indeed.com.

38. There is probable cause to believe that the electronic wires transmitting that information originated in the Western District of Michigan at LETICIA GALLARZO's home in Wayland, Michigan, crossed state lines and terminated with C.H.G.'s recruiter in Grand Rapids, Michigan. The interstate nexus requirement of Title 18, United States Code, Section 1028 is "only a minimal nexus." *United States v. Pearce*, 65 F.3d 22, 25 (4th Cir. 1995). First, C.H.G. provided me with the attachments to the emails that LETICIA GALLARZO sent to them through Indeed.com. Those attachments included pictures of the Michigan nursing license in the name of the victim with number XXXXXX9666 and what appears to be a fake diploma for a master's degree in nursing form The George Washington University. Those pictures appear to have been taken on a countertop. I showed the pictures to an MSP officer that participated in the execution of a search of LETICIA GALLARZO's home and he informed me that the countertop in those pictures is in fact a countertop he knows to have been present at her residence. Second, since Indeed.com does not appear to have a presence in Michigan, it is very likely that the emails from LETICIA GALLARZO as part of her application process, including the email to which she attached the means of identification of the actual person, Leticia T.C.P., traveled across state lines

before returning to the Western District of Michigan when received by the recruiter for C.H.G. in Grand Rapids.

39. Additionally, there is probable cause to believe that LETICIA GALLARZO knew that she was using the identity of a real person.  I submit this to be the case because the evidence demonstrates that LETICIA GALLARZO knew that to obtain a nursing position she would need to provide a Michigan nursing license number that would be checked by the prospective employer. First, she chose to use the name and licensing number of an individual with her first name and it is highly unlikely that she randomly chose a name and number that matched the name and number of an actual person who is a validly licensed Michigan nurse.  Second, when she applied for a job last year using the same victim's means of identification, the Chief Administrative and Compliance Officer for that organization questioned her about why the name on her Michigan driver's license did not match the name on the Michigan nursing license associated with that number on LARA's website.  This clearly informed her that she was using the name and number of an actual person. Third, her lengthy criminal history for the same or similar offenses demonstrates her knowledge that to obtain employment as a nurse, she must use the means of identification of a real person.  Fourth, MSP located a copy of yet another individual's nursing license, an individual with initials S.L.B.'s, in LETICIA GALLARZO's dresser drawer at her home.  LETICIA GALLARZO worked with S.L.B. at an area nursing home and she clearly

knew that S.L.B. was an actual individual. I spoke to S.L.B. and she confirmed that there was no valid reason for LETICIA GALLARZO to have a copy of her Michigan license. These facts, alone and in combination, clearly demonstrate her knowledge that she would need a valid name and license number for an actual person to obtain a nursing position and that she possessed such information without lawful authority.

40. Finally, LETICIA GALLARZO committed the unauthorized transfer of the means of identification of another person with the intent to commit an offense under Michigan law, that is, the unauthorized practice of a health profession in violation of MCL 333.16294. Nursing is a licensed health profession in Michigan. It is a crime to hold oneself out as practicing a health profession, to use as your own the license or registration of another person, or to actually practice nursing without a license. LETICIA GALLARZO used the license of Leticia T.C.P. when she applied for employment with C.H.G., she held herself out as a nurse, and she actually practiced the profession of nursing without a license during her orientation with C.H.G. in Grand Rapids.